UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RALPH HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 3726 |
| | ) | |
| vs. | ) | Judge Kendall |
| | ) | Magistrate Judge Ashman |
| SAUK VILLAGE, | ) | |
| Sauk Village Police Officers | ) | |
| JAMES VELA, | ) | |
| SETH BROWN, | ) | |
| LISA BAPP, | ) | |
| BUDS AMBULANCE, | ) | |
| DANIEL VUORENMA, and | ) | |
| TRACY VAN DYKE, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of Sauk Village, Illinois.

5. Defendants JAMES VELA, SETH BROWN, and LISA BAPP are duly appointed and sworn Sauk Village police officers. At all times relevant to this Complaint, Defendants JAMES VELA, SETH BROWN, and LISA BAPP were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. Defendants JAMES VELA, SETH BROWN, and LISA BAPP are sued in their individual capacities.

7. Defendant SAUK VILLAGE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendants JAMES VELA, SETH BROWN, and LISA BAPP.

8. Defendant BUD'S AMBULANCE is an Illinois corporation licensed to do business within the State of Illinois, and doing business within the City of Chicago, County of Cook, State of Illinois.

9. At all times relevant to this Complaint, Defendants DANIEL VUORENMA and TRACY VAN DYKE were acting within the scope of their employment working for Defendant BUD's AMBULANCE as emergency medical technicians.

## Facts

10. On or about December 13, 2006, Defendants VELA, BROWN, and BAPP arrived at Plaintiff's home in response to a 911 hang-up.

11. Plaintiff informed Defendant VELA that everything was fine and the police were not needed.

12. Defendants VELA and BROWN told Plaintiff that they wanted to take him to the hospital for a psychological evaluation.

13. An ambulance was called to transport Plaintiff to the hospital.

14. Defendants VUORENMA and VAN DYKE, emergency medical technicians from BUD'S AMBULANCE, arrived at Plaintiff home.

15. Plaintiff did not want to go to the hospital.

16. VELA told Plaintiff that he had no choice.

17. Defendant VUORENMA put Plaintiff in the Ambulance.

18. VAN DYKE drove the ambulance.

19. After the ambulance left Plaintiff's home, Plaintiff asserted that he did not want to go to the hospital, but received no response.

20. Plaintiff unbuckled his seat belt and attempted to exit the ambulance.

21. VOURENMA grabbed Plaintiff and tackled him to the floor.

22. VAN DYKE exited the ambulance.

23. BROWN and BAPP entered the ambulance and pulled Plaintiff out.

24. VOURENMA, BROWN, and BAPP threw Plaintiff to the ground.

25. While on the ground, Defendants VOURENMA, BROWN and VELA punched, kicked, and beat Plaintiff.

26. As a result of the beating, Plaintiff lost consciousness.

27. Plaintiff was charged with three counts of aggravated battery. The case was docketed in the Cook County Circuit Court as: People v. Ralph Howard, 07 CR 8669.

28. On April 30, 2008, after a three-day jury trial, Plaintiff was found not guilty on all counts.

29. Each individual Defendant acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

30. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, attorneys' fees, and monies posted for bond.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

31. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

32. Defendants BROWN, BAPP and VELA violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants BROWN, BAPP and VELA ,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Failure to Intervene)

33. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

34. While Plaintiff was subjected to excessive force as described above, Defendants BROWN, BAPP and VELA had an opportunity to intervene, but chose not to intervene.

35. Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants BROWN, BAPP and VELA,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

36. Plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

37. Defendants BROWN, VAN DYKE, and VUORENMA instituted charges against Plaintiff for aggravated battery.

38. There was not probable cause for such charges.

39. Plaintiff was found not guilty on all counts.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants BROWN, VAN DYKE, and VUORENMA,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

40. The acts of Defendant BROWN described in the state law claim specified above were willful and wanton, and committed in the scope of his employment.

41. Pursuant to *respondeat superior*, Defendant SAUK VILLAGE is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant SAUK VILLAGE, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (State Law *Respondeat Superior* Claim)

42. The acts of the Defendants VUORENMA and VAN DYKE described in the state law claim specified above were willful and wanton, and committed in the scope of their employment.

43. Pursuant to *respondeat superior*, Defendant BUD'S AMBULANCE is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant BUD'S AMBULANCE, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

44. The acts of the Defendants BROWN, BAPP, and VELA described in the above claims were willful and wanton, and committed in the scope of employment.

45. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant SAUK VILLAGE is liable for any judgments in this case arising from the Defendants BROWN, BAPP, and VELA's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant SAUK VILLAGE to indemnify Defendants BROWN, BAPP, and VELA for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595